**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| RONALD C. CARSON, | ) | CASE NO.   1:04 CR 626 |
|  | ) | 1:07 CV 3718 |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| v. | ) |  |
| UNITED STATES OF AMERICA, | ) | <u>MEMORANDUM OPINION</u> |
|  | ) | <u>AND ORDER</u> |
| Respondent. | ) |  |

This matter comes before the Court upon Ronald Carson's ("Petitioner's") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF #55.)    Petitioner claims that Amendment 709 to § 4A1.2(a)(2) of the Sentencing Guidelines (effective November 1, 2007)  should be applied retroactively to his case, and would result in a lower criminal history category, thereby eliminating the career offender designation and reducing his sentence.   The government, does not dispute that under the 2007 amendment to the guidelines, the petitioner would have had a lower criminal history category, and therefore, a lower sentence.  However, it contends that the amendment should not be applied retroactively to Mr. Carson's sentencing, which took place in July of 2005.  (ECF #59).

**I.**

In June of 2005, Ronald Carson pled guilty to two counts: conspiracy to possess with intent to distribute heroin and attempted possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a) and (b)(1)(A), and § 846.  (ECF #29).  His Plea Agreement expressly reserved the right to challenge the Court's criminal history determination by way of appeal, and

post-conviction proceedings. (ECF #31).

The pre-sentence report prepared by the U.S. Probation Department recommended that Mr. Carson be found to be a "career offender" under USSG § 4A1.2(a)(2)(eff. Nov. 1 2004) because he had two prior sentences for controlled substance offenses. Mr. Carson objected to the the "career offender" categorization, arguing that because the two prior drug offenses were consolidated for sentencing, the career offender designation should not apply, and he should have been considered to be a Criminal History Category III for purposes of the sentencing guidelines.

The Court found Mr. Carson's objection to be without merit, as the prior drug offenses were not consolidated and the sentences imposed should be considered as two separate sentences. The Court adopted the recommendation that Mr. Carson be designated as a career offender, and imposed sentence accordingly. (ECF #29). Mr. Carson appealed his sentence to the Sixth Circuit, and his sentence was affirmed. *United States v. Carson*, No. 05-4014, unpublished, 2006 Fed.App. 0436P (6th Cir. Nov. 27, 2006). (ECF #51, 52). Mr. Carson appealed this decision to the United States Supreme Court, and his writ of *certiorari* was denied on March 26, 2007. (ECF #54).

Effective November 1, 2007, the Sentencing guidelines were amended. One of the amendments addressed the circumstances under which multiple prior sentences should be considered as a single sentence for purposes of determining what criminal history category is applicable, and whether a defendant is to be designated as a career offender. In 2005, at the time of Mr. Carson's sentencing, the guidelines counted the sentences as separate unless the offenses (among other things not relevant to the instant case) "were consolidated for trial or

sentencing." USSG § 4A1.2, comment (n.3)(Nov. 1, 2004). The 2007 amendment states that two sentences are to be considered a single sentence for these purposes if "the sentences were imposed on the same day." USSG § 4A1.2(a)(2)(eff. Nov. 1, 2007).

Carson's two prior convictions stemmed from two distinct cases, both heard in the Cuyahoga County Court of Common Pleas. *State v. Carson*, No. Cr-337656; *State v. Carson*, No. CR-342769. Mr. Carson does not contest that each case is a "controlled substance offense" for purposes of USSG § 4B1.1(a)'s career offender designation, or that each would garner 3 criminal history points under § 4A1.1(a). He does, however, argue that under the 2007 Amendment to the sentencing guidelines, these two sentences should be treated as one because the sentences were imposed on the same day.

**II.**

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. Mr. Carson argues that his sentence is subject to collateral attack because Amendment 709 is a "clarifying amendment" and is subject to retroactive application.

**III.**

The parties agree that if Amendment 709 is a "clarifying" amendment, a motion under 28 U.S.C. § 2255 is the appropriate means to seek review of the petitioner's sentence and the Court may review the sentence to determine whether the amendment should be treated retroactively.

3

*Jones v. United States*, 161 F.3d 397, 402-03 (6th Cir. 1998).  However, if the amendment is "substantive", the Court may not apply the amendment retroactively to adjust a sentence on a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.  *Id*.; *United States v. Milton*, 27 F.3d 203, 209-11 (6th Cir. 1994). [1]

The Sixth Circuit Court of Appeals has identified three factors to be considered when determining whether an amendment is "clarifying" or "substantive."  First, the court looks to how the Sentencing Commission characterized the amendment.  Second, the amendment itself is evaluated to determine whether the language of the guideline itself has been changed, or whether only the commentary for the guideline has changed.  Third, the Court must consider whether the amendment resolves an ambiguity in the original wording of the guideline.  *See United States v. Monus*, 356 F.3d 714, 718 (6th Cir. 2004).

In this instance, the Sentencing Commission characterized the amendment as follows:

The Amendment simplifies the rules for counting multiple prior sentences and promotes consistency in the application of the guideline.  The amendment eliminates use of the term "related cases" at § 4A1.2(a)(2) and instead uses the terms "single" and "separate" sentences.  This change in terminology was made because some have misunderstood the term "related cases" to suggest a relationship between the prior sentences and the instant offense.  Prior sentences for conduct that is part of the instant offense are separately addressed at § 4A1.2(A)(1) and Application Note 1 of the guideline.

---

[1] At the time the petition was filed, the petitioner argued that the Sentencing Commission had not yet made any determination as to whether Amendment 709 was to be applied retroactively.  If the Commission had made the decision to apply the amendment retroactively it would have listed the amendment in Section 1B1.10(c) of the USSG, triggering the defendant's right to seek modification of sentence by filing a motion under 18 U.S.C. § 3582(c)(2).  The Commission enacted Amendment 713, effective March 3, 2008, modifying Section 1B1.10(c) by listing additional amendments that should be applied retroactively.  Amendment 709 was not among the amendments listed in Section 1B1.10(c), and, therefore, is not to be considered retroactive under 18 U.S.C. § 3582(c)(2).  This does not preclude retroactive application of the amendment under § 2255, if the amendment is deemed to be clarifying and not substantive.

U.S.S.G. Supplement to Appendix C (Amendments effective November 1, 2004, through November 1, 2007) at 238.  The Sentencing Commission's characterization is not particularly helpful in determining whether or not the amendment is substantive or clarifying.  A "simplification" could be either substantive or clarifying depending on the nature of the change and the reason for its implementation; the same is true for an amendment that "promotes consistency."  If, for example, the amendment merely defines or refines terms in the original guideline in order to simplify its use and encourage consistent use of the terms therein, it could be considered clarifying; however, if the entire scheme is altered in order to simplify the process involved, if criteria are eliminated or changed in order to simplify calculations, or if discretion is eliminated in order to promote consistency, the changes should undoubtedly be considered substantive.  Further, although the Sentencing Commission noted that a change eliminating the term "related cases" was made because some had misunderstood that phrase, as the Commission had intended it (suggesting that the change was a clarification of their intent),  this characterization  applies only to one particular change in terminology within the amendment and not to the amendment as a whole.

   The term "related cases" and the misunderstanding addressed by the Sentencing Commission with regard to that phrase were not at issue in the Petitioner's sentencing.  The amendment changed the distinction between "related" and "unrelated" cases to a distinction between "single" and "separate" sentences.  Yet, the real question at issue in the Petitioner's sentencing was what constituted a "single" vs. a "separate" sentence.  The misunderstanding addressed by this change in terminology within the amendment would not have helped to clarify what was a single vs. a separate sentence, and would, therefore, not have affected the Petitioner's

sentence, even if applied retroactively.  The change that matters to the Petitioner is a change that allowed the Court to consider multiple sentences as a single sentence if they were imposed on the same day.  Section 4A1.2(a)(2).  The Sentencing Commission made no specific characterization of this change in the amendment.

The second factor to consider is whether or not the Amendment changes the language of the guideline itself or changes only the commentary for the guideline.  At the time of Mr. Carson's sentencing the guideline provided as follows.

> Prior sentences imposed in unrelated cases are to be counted separately.  Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c) ...

The guidelines also contained  Application Note 3, defining what was meant be "prior sentences imposed in related cases:"

> . . . prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C)  were consolidated for trial or sentencing.

Amendment 709, Section 4A1.2 (a)(2) eliminated Application Note 3 in its entirely, and changed the guideline language to say:

> If a defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence . . . If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.  Count any prior sentence covered by (A) or (B) as a single sentence.

There can be no question that Amendment 709 changed the language of the guideline itself, and not just some commentary as to how the guideline should be applied.

Further, Amendment 709 does not just resolve an ambiguity; the changes to the language in the guideline are substantive.  Although there is undoubtedly much overlap in the application,

6

certain categories of defendants were benefitted by the prior version of the guideline, and others benefit more by the Amendment.  "Prior sentences imposed in unrelated cases" is substantively different from "multiple prior sentences" imposed without any "intervening arrest;" and, "sentences imposed in related cases" is substantively different than "sentences result[ing] from offenses contained in the same charging instrument" or "sentences imposed on the same day."  Further, even if Application Note 3 is deemed to be incorporated in the substantive meaning of § 4A1.2(a)(2), sentences arising from offenses that "(A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C)  were consolidated for trial or sentencing," are not necessarily the same as  "sentences result[ing] from offenses contained in the same charging instrument" or "sentences imposed on the same day."  For example, there are certainly occasions when criminal acts occurring at the same time would have been considered related cases under the prior version of the guideline, but would have been charged in separate indictments, thereby being counted as separate sentences under Amendment 709.  Most importantly, in this case, two "sentence(s) imposed on the same day" is not the substantive equivalent of two offenses "consolidated for ... sentencing."  This was the very argument made by defense counsel at the time of Mr. Carson's sentencing and on his appeal  (before the Amendment was ever enacted), and both this Court and the Court of Appeals for the Sixth Circuit held that just because two sentences were imposed on the same day did not mean that they had been consolidated for sentencing.

It appears clear to this Court that taking into account all of the factors set forth by the Sixth Circuit, and most importantly looking to the literal and practical changes Amendment 709 made to the guideline at issue, the changes to the guideline are substantive.  Because the changes

are substantive, and because the Sentencing Commission did not choose to apply these changes retroactively, the Court is without inclination or authority to apply the changes retroactively in response to a motion under 28 U.S.C. § 2255.

### IV.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition.  28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Mr. Carson has failed to make a substantial showing of the denial of a constitutional right, and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## V.

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF #55) is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).
IT IS SO ORDERED.

                                             /s/ Donald C. Nugent
                                             DONALD C. NUGENT
                                             United States District Judge

DATED:   July 14, 2010